UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERICAN CIVIL LIBERTIES UNION, )
on behalf of its member )
Scott Weiner, )
                                )
        Plaintiff, )
                                )
    vs. )    Case No. 4:97CV2528 CDP
                                )
CITY OF FLORISSANT, et al., )
                                )
        Defendants.

**MEMORANDUM AND ORDER**

    This matter is before the Court on plaintiff's motion for attorney's fees and costs, and on plaintiff's bill of costs. Defendants oppose the request for attorney's fees only. For reasons set forth below, plaintiff's motion will be granted in part and denied in part.

    Plaintiff American Civil Liberties Union filed suit against the City of Florissant and its Mayor, James J. Eagan, under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, alleging that a creche erected by the City, in November of 1997, at its Civic Center violated the Establishment Clause of the First Amendment of the U.S. Constitution and Article I, section 7 of the Missouri Constitution. On September 25, 1998, the Court granted plaintiff's motion for a permanent injunction, enjoining defendants from erecting a creche or other religious symbols on public property. See ACLU v. City of Florissant, 17 F. Supp.2d 1068 (E.D. Mo. 1998). Pursuant to 42 U.S.C. § 1988, plaintiff has now filed a motion for attorney's fees seeking fees of $26,821.06, and costs in the amount of $339.06. Plaintiff's motion is supported by relevant affidavits attesting to the reasonableness of plaintiff's requests.

Defendants object to the request for attorney's fees on various grounds, but do not oppose plaintiff's bill of costs. After due consideration of the parties' submissions and the relevant law, the Court will award reasonable attorney's fees in the amount of $25,957.00 and taxable costs in the amount of $339.06.

42 U.S.C. § 1988(b) provides that in any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  Accordingly, a prevailing party may recover attorney's fees unless special circumstances exist which would render such an award unjust. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Plaintiff was successful in obtaining a permanent injunction enjoining defendants from erecting a creche or other religious symbols on public property, and therefore is a prevailing party eligible for a fee award. See id. at 433 (a plaintiff is a prevailing party if he succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing the suit).

Defendants argue, however, that considering the totality of the circumstances, the Court should deny plaintiff's request for attorney's fees because defendants acted in good faith in maintaining the creche and litigating this matter, and because plaintiff asserted a novel claim. Defendants assert that these are special circumstances that would render an award of attorney's fees unjust. As defendants concede in their response to plaintiff's motion, the special circumstances exception to an award of attorney's fees is very narrow. Jenkins v. Missouri,

2

127 F.3d 709, 716 (8th Cir. 1997).  In fact, a parties' good faith intentions are irrelevant and do not justify the denial of attorney's fees to the prevailing party.  <u>Yankton Sch. Dist. v. Schramm</u>, 93 F.3d 1369, 1377 (8th Cir. 1996); <u>Borengasser v. Arkansas State Bd. of Educ.</u>, 996 F.2d 196, 200 (8th Cir. 1993). Similarly, the fact that plaintiff may have asserted a novel claim is "a factor favoring a fee award rather than being a reason not to award a fee."  <u>Teitelbaum v. Sorenson</u>, 648 F.2d 1248, 1250 (9th Cir. 1981).  Therefore, the Court finds that no special circumstances exist that would render an award of attorney's fees unjust.

The remaining issue, then, is for the Court to determine a "reasonable" attorney's fees award.  The formula for determining a reasonable fee is the number of hours reasonably expended on a case multiplied by a reasonable hourly rate.  <u>Hensley</u>, 461 U.S. at 433.  Plaintiff's trial team consisted of two attorneys, Sally Barker and Denise Lieberman, and one paralegal, John Fredrick. Plaintiff seeks fees for 83.6 hours of Barker's time at her $200.00 hourly rate ($16,720.00), 76.8 hours of Lieberman's time at her $125.00 hourly rate ($9,600.00), and 2.7 hours of Fredrick's time at his $60.00 hourly rate ($162.00).

As an alternative to their initial argument, defendants argue that the Court should substantially reduce any attorney's fees awarded to plaintiff.  First, defendants argue that plaintiff should not be awarded attorney's fees for time spent in connection with its initial motion for a temporary restraining order because it did not prevail on that motion.  The Court

3

disagrees. A party's status as a prevailing party is determined by the ultimate outcome of the case as a whole, rather than by piecemeal assessment of success on each individual motion. Jenkins, 127 F.3d at 714; see also Texas State Teachers Assoc. v. Garland Sch. Dist., 489 U.S. 782, 791 (1989)(a prevailing party is one who succeeds on any significant claim, either pendente lite or at the conclusion of the litigation). The issues to which plaintiff's counsel directed their efforts were indeed distinctly related at each stage of the litigation, and focused on the litigation as a whole. In such a situation, the Court cannot view the case as a series of discrete claims, but must focus on the significance of the overall relief obtained. Hensley, 461 U.S. at 435. Plaintiff's request for a temporary restraining order to have the display removed before Christmas of 1997 was a means to the ultimate result--permanently enjoining defendants from erecting religious displays on public property. Thus, it is insignificant that plaintiff was denied a temporary restraining order when it obtained the relief it ultimately sought from this litigation. Therefore, the Court will not reduce plaintiff's award of attorney's fees for time spent pursuing the temporary restraining order.

Defendants next argue that the Court should substantially reduce plaintiff's fee award because there was a duplication of expenses resulting from plaintiff's decision to bring in outside counsel, and that counsel spent an excessive amount of time conducting legal research and writing various legal documents. Defendants cite a January 16, 1998 scheduling conference, where

4

both counsel for plaintiff were in attendance, as one specific instance of unnecessarily duplicative work. However, this Court has previously held that having several attorneys attend the same conference promotes the exchange of different perspectives on a particular legal strategy, decreases the possibility of some misunderstanding arising at a later date, and avoids the one attendee having to repeat what was said to others working on the case. See Emmenegger v. Bull Moose Tube Co., No. 4:96CV1095 CDP, 1998 WL 792614, at *9 (E.D. Mo. Nov. 12, 1998). This reasoning also applies to routine scheduling conferences, and thus the Court will not reduce plaintiff's award on this basis.

The Court's review of the record does not reveal any other unnecessarily duplicative charges. As required, plaintiff's counsel made efforts to exclude any such charges from their request for fees. In fact, counsel eliminated charges for over fifteen hours of Lieberman's time for work that might have been considered duplicative or unnecessary. Additionally, given the complex nature of this case and the novelty of certain issues, the time spent conducting legal research and preparing legal documents appears reasonable and necessary to the outcome of this litigation.

Defendants next challenge charges made by Barker regarding four hours spent reviewing the Court's September 25, 1998 Order, conferring with her client regarding the decision, and answering press questions. The Court agrees with defendants with respect to time spent answering questions from the press. Public relation efforts may be recovered in a § 1988 attorney's fees

5

award only when the efforts are necessary to accomplish the objectives of the litigation. Jenkins v. Missouri, 131 F.3d 716, 721 (8th Cir. 1997). The time counsel spent answering questions from the press occurred after the Court issued a decision in this matter, and therefore it was not necessary in accomplishing the objectives of this litigation. Because counsel did not specify what percentage of the four hours she actually spent answering press questions and what percentage she spent doing the other tasks, the Court will disallow 50% or 2.0 hours of the time charged, reducing the award by $400.00 (2.0 hours of Barker's time multiplied by her $200.00 hourly rate).

Finally, defendants challenge various time charges made by Lieberman for time spent traveling to the Civic Center, and for work defendants argue was clerical in nature. Defendants point to November 26, December 18, 19, and 27, 1997, as the relevant dates on which these charges were made. Defendants concede that Lieberman spent no more than two hours in transit over three of the four days. The Court finds that Lieberman's travel time was reasonable under the circumstances, and appropriately calculated at her $125.00 hourly rate. See McDonald v. Armontrout, 860 F.2d 1456, 1462-63 (8th Cir. 1988)(court has discretion to award fees for travel time at full hourly rate unless full recovery of fees for traveling is unreasonable); Rose Confections, Inc. v. Ambrosia Chocolate Co., 816 F.2d 381, 396 (8th Cir. 1987); Darling v. Sullivan, No. 87-6067-CV-SJ-6, 1990 WL 300883, at *4 (W.D. Mo. Dec. 10, 1990). The Court does agree with defendants, however, that an estimated one hour of the charges identified on

6

the dates above was for work simply clerical in nature, and therefore not allowable. These tasks include photographing the scene, having photographs developed, having documents notarized, and filing documents with the Court. Thus, the Court will disallow 1.0 hour of Lieberman's time, reducing plaintiff's fee award by $125.00.

In sum, the Court will grant plaintiff's motion for attorney's fees in the amount of $25,957.00. This figure excludes 2.0 hours of Barkers time (at a $200.00 hourly rate) and 1.0 hour of Lieberman's time (at a $125.00 hourly rate), amounting to a total reduction of $525.00. Pursuant to Rule 54(d)(1), Fed. R. Civ. P., the Court will tax defendants plaintiff's costs in the amount of $339.06.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees and costs [#0-1, #0-2] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff shall recover from defendants the reasonable attorney's fee of $25,957.00.

**IT IS FURTHER ORDERED** that the Clerk shall tax allowable costs [#33] in the amount of $339.06 to defendants in this case.

```
                                    CATHERINE D. PERRY
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 25th day of January, 1999.

7

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED AND FAXED TO THE FOLLOWING INDIVIDUALS ON 01/25/99 by tcorley
4:97cv2528     ACLU vs Florissant, City of

42:1983 Civil Rights Act

| | |
|---|---|
| Sally Barker - 2563 | Fax: 314-621-2378 |
| John Hessel - 3390 | Fax: 314-241-6056 |
| Denise Lieberman - | Fax: 314-361-3135 |

SCANNED & FAXED BY:

JAN 25 1998

C. D. D.